Hinman, J.
We have no doubt that the general principles stated by the counsel for the applicants in this case are correct, but we have difficulty in applying them to the facts of the case under this application. The object of the plaintiffs, as disclosed in the application, is not to restrain the defendant, or the school district of which he is the committee, from changing the site of the school-house, but to compel him to discontinue a school established at an improper place, and to establish a district school at the school-house of the district. In this aspect, therefore, it does not seek a remedy for any permanent injury to the applicants, but only to correct a temporary irregularity in respect to the place where the district school for the winter of 1858 shall be kept. Now, while we would not say that there may not be a case where it would be proper, even by this process of mandamus, to ^'interfere to correct a [ *332 ] temporary evil of this sort, especially if it appeared to be one of a series of acts the object of which was eventually to effect a change in the location of the school-house, still, in a case where no permanent injury is intended or contemplated, we think we ought to require something more than the mere abstract right of the applicants to have the school kept at the school-house, before we interfere to break up the short residue of this winter school -which remained unexpired when this application was heard in the superior court. We agree with the applicants, that the sites of school-houses can not be changed except by a vote of two-thirds of the electors or by the action of the board of education, and that districts can not indirectly, by a mere major vote directing schools from time to time to be established at other places, accomplish that which they are not permitted to do directly.
This application, however, as we have said, is not to restrain the district from effecting such a change of location, And there are no facts found which would lead us to infer that there is any intention in any one to bring about any such change. Indeed, so far as we can judge, the district, as well as the committee, appear to have acted in perfect good faith. It is true, no doubt, that a vote to establish a school at an unauthorized place, is some evidence of such intention, and perhaps a series of such votes, accompanied by the establishment of schools in pursuance of them, might amount to proof of such an intention. Still, it ■would be for the superior court to find the fact. We could not do it, and there is here not only an absence of any such finding, but the inference to be drawn from the good faith of the parties *272 and other circumstances, is rather the other way. The application therefore appears to us to be founded upon the absolute right of the applicants to have the district school for the winter of 1858 kept at the district school-house, rather than upon their right to prevent any change in the location of the school-house; consequently we do not perceive the force, or rather the application to this case, of any arguments drawn [ *333 ] *from the importance of preventing any contemplated change in the location of the school-house.
Again, we agree with the plaintiff’s counsel most fully, that the proper place for a district school .is the school-house of the district. Provision is made by law 'for the building of schoolhouses, the sites of which can not be changed, except in the modes specifically regulated by law, and it follows, as a matter of course, that these provisions can not be evaded at the pleasure of a mere majority of the district, by the establishment of schools at other places. We can. not sanction therefore the defendant’s claim, that he had authority to set up the school complained of under the 17th section of the third chapter of the act of 1856 with regard to, education. (Acts 1856, p. 49.) That section is no qualification of the law requiring a two-thirds vote to fix the site of a school-house, and- never could have been intended as furnishing a mode by which that law can be evaded. It would, without doubt, authorize the providing of suitable school rooms in districts where there -were no school-houses, as well as the proper fitting up of the rooms in school-houses.
While, however, we have no doubt that the school established by the defendant was irregularly established, because it was not kept at the school-house, we are still inclined to think the superior court was justified in dismissing this application. The vote under which the school was commenced, was, in terms, limited to the school for the winter of 1858. That had about half expired -when the application 'was brought, and the term must have been near its close when the case was heard by the superior court. The object to be attained then was of very' trifling importance at that time, and such as the court ought not, by this process of mandamus, to be called upon to enforce. There appears to have been no complaint on the part of the applicants until some time after the school was commenced. Besides, the finding is very meager in respect to the interest which the petitioners have in the location of the [ *334 j school. *As tax payers they are in no danger, for there is no finding that any expense is incurred by the schools at Burrville which would not be at the school-house belonging to the district. Indeed, there is nothing to show any *273 interest in any of the applicants who have no children which they wish to send to school; and how many of them have children, does not appear. Now when the question is narrowed down to the point of determining whether it was proper, under the circumstances, for the court to order the unexpired portion of this temporary school to be kept at the school-house, rather than at the convenient place where it was commenced, we do not feel that facts enough appear in the case to justify us in saying that the court decided erroneously in dismissing the application, and we do not therefore find any error in the judgment complained of.
In this opinion the other judges concurred; except Sanford, J., who having tried the case in the court below did. not sit.
Judgment affirmed.